CSD 1160 [05/15/03]

CHRISTOPHER J. LANGLEY [STATE BAR NO. 258851]
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 ANTON BOULEVARD, 10TH FLOOR
COSTA MESA, CA 92626
Telephone: (714) 431-1150

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**ROQUE ALBERTO AVILA**
Debtor.

BANKRUPTCY NO. **09-06996 PB13**

**AMERICREDIT FINANCIAL SERVICES INC. AS ASSIGNEE FROM LONG BEACH ACCEPTANCE CORP.**
Moving Party

RS NO. **CJL-1**

**ROQUE ALBERTO AVILA; DAVID L. SKELTON**
Respondent(s)

Chapter 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☒ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on **05/21/09**.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed (if any): **DAVID L. SKELTON**
   b. ☐ Name of Attorney of Record for Trustee (if any):
   c. ☐ (Optional) Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.
   d. ☒ (If Chapter 13 case): Chapter 13 Plan was confirmed on **N/A** or a confirmation hearing is set for **11/04/09**.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [05/15/03]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $_____

    f.    *Nature of Debtor's interest in the property:

2.    [X]    The following personal property is the subject of this Motion (describe property):
        **2007 TOYOTA YARIS; VIN #JTDJT923875132086**

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____

    b.    Nature of Debtor's interest in the property: **BUYER**

3.    *Fair market value of property according to Movant: $ **10,500.00**

4.    *Nature of Movant's interest in the property: **LIENHOLDER**

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $ **14,051.83**
    b.    Amount of monthly payment:    $ **385.97**
    c.    Date of last payment:    **07/24/09**
    d.    If real property,
        i.    Date of default:
        ii.    Notice of Default recorded on:
        iii.    Notice of Sale published on:
        iv.    Foreclosure sale currently scheduled for:
    e.    If personal property,
        i.    Pre-petition default: $ **N/A**    No. of months: **N/A**
        ii.    Post-petition default: $ **767.91**    No. of months: **2**

6.    (If Chapter 13 Case, state the following:)
    a.    Date of post-petition default:    **07/18/09**
    b.    Amount of post-petition default:    $ **767.91**

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: | | | | | |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 0.00 | $ 0.00 | | $ 0.00 | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        [ ] See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:
   a. [X] Movant's interest in the property described above is not adequately protected.
   b. [ ] Debtor has no equity in the [ ] real property [X] personal property described above and such property is not necessary to an effective reorganization.
   c. [ ] The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and
      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and
      ii. the Debtor/Trustee has
         (1) [ ] not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or
         (2) [ ] commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.
   d. [ ] *Other cause exists as follows (specify): [ ] See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. [X] Other relevant evidence:
   **SEE DECLARATION ATTACHED HERETO**

2. [ ] (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

[X] Relief as requested.

[X] Other: **That the Order granting relief be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter.**

**That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) by waived.**

Dated: September 18, 2009

/s/ Christopher J. Langley
[Attorney for] Movant
**CHRISTOPHER J. LANGLEY**

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160